This version icludes the errata dated 4May04 -e

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-710 (E)

MABEL A. AKERS,                                              APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                               APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY, IVERS, STEINBERG,
GREENE, KASOLD, and HAGEL, *Judges*.

## O R D E R

On September 26, 2003, in a single-judge order, the Court denied the appellant's November 14, 2001, application for attorney fees and expenses filed pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). On October 16, 2003, the appellant filed a timely motion for a panel decision. On December 2, 2003, the Court denied the motion for a panel decision. On December 19, 2003, the appellant filed a timely motion for a full-Court decision. "Motions for a full-Court decision are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance." U.S. VET. APP. R. 35(c).

Upon consideration of the foregoing and the prior pleadings of the parties, it is

ORDERED that the motion for a full-Court decision is denied.

DATED: April 30, 2004                        PER CURIAM.

STEINBERG, *Judge*, concurring:  I find much to agree with in the perceptive separate statements of Judges Kasold and Hagel.  As to the denial of the application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 42 U.S.C. § 2412(d), I believe that Judge Hagel's analysis is generally correct under our existing caselaw.  In addition, I believe that it would set a troublesome precedent for the full Court at the EAJA stage, as the appellant's motion essentially suggests, to rewrite, in essence, a merits decision, including the basis for a vacatur of a Board of Veterans' Appeals (Board) decision.[1]  If we were to go that route, I would be concerned, as I was in

---

[1] *See McCormick v. Principi*, 16 Vet.App. 407, 411 (2002) (noting that "Court need not, and in fact should not, investigate at the EAJA prevailing-party stage the validity, type, or nature of the administrative error" and that Court should not "revisit at the EAJA stage the logic of the merits decision") (citing also concurring opinion of Kramer, C.J.,

*Flemming v. Principi*, that we would be risking "creat[ing] a fractured judicial review, wherein prevailing-party analysis and substantial-justification analysis could be conducted in isolation from one another". *Flemming*, 16 Vet.App. 52, 61 (2002) (Steinberg, J., concurring in part and dissenting in part). We would also be risking

> the further anomaly that at the EAJA stage the Court could be re-reviewing the merits of the case long after the Court had remanded the case to the Board, and perhaps even after some adjudication on remand had already taken place, and that such a secondary judicial merits determination of error would be without binding effect in the merits adjudication at the administrative [(Department of Veterans Affairs (VA))] level.

*Ibid.*

At the same time, I believe that Judge Kasold has raised an important issue regarding the apparent inconsistent disposition of cases with similar facts; on the one hand, under 38 U.S.C. § 7104(a), the Court has vacated a Board decision and remanded a matter based on a determination of Board error in failing to consider "a VA regulation . . . made potentially applicable through the assertions and issues raised in the record", *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991), and, on the other hand, under *Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000), the Court has vacated a Board decision and remanded a virtually identical matter without any Court determination of Board error. *Compare, e.g., Wanner v. Principi*, 17 Vet.App. 4, 13 (2003) (holding that Board's failure to discuss potential applicability of 38 C.F.R. § 4.25(b) in its determination that tinnitus Diagnostic Code 6260 (in 38 C.F.R. § 4.87) allowed only one 10% rating (and thus precluded rating higher than 10%) constituted reasons-or-bases error pursuant to section 7104(a), (d)(1)), *with, e.g., Gibson v. Principi*, No. 00-2155, 2002 WL 337542 (Vet. App. Feb. 13, 2002) (remanding under *Maggitt, supra*, for Board to address in first instance essentially same issue that precipitated finding of Board error in *Wanner, supra* – that is, whether appellant is entitled to 10% rating for each ear).[2] I believe that a reexamination of the propriety of the apparent disparate treatment is in order, including the possibility that that disparity may lead to different outcomes for EAJA applications with substantially similar underlying facts, and that such a reexamination should be done at the full-Court level in an appropriate case.

---

in *Cullens v. Gober*, 14 Vet.App. 234, 248 (2001) (en banc) (Kramer, C.J., concurring), for proposition that Court should not involve itself with extensive relitigation at the EAJA stage)); *cf. Flemming v. Principi*, 16 Vet.App. 52, 61 (2002) (Steinberg, J., concurring in part and dissenting in part) (expressing agreement with concurring opinion of Kramer, C.J., in *Cullens, supra*, expressing view that at EAJA stage Court should not re-review merits of case and "it is the Court's remand order or decision and any joint motions underlying that order or decision (as well as any concessions or error made in the parties' pleadings) that properly should be the focal point of any substantial-justification determination").

[2] My concern at this point is based on policy and prudential considerations and not on the lack of authority that Judge Kasold finds for a *Maggitt*-type remand. I am open to further consideration of the proper application of 38 U.S.C. §§ 7104, 7252, and 7261, but would require briefing on the issues involved before reaching a conclusion on them.

HAGEL, *Judge*, concurring: I write separately to address Ms. Akers' argument regarding 38 U.S.C. § 7104(a). In her motion for full-Court consideration, she argues, relying on *Gordon v. Principi*, 15 Vet.App. 124 (2001) [hereinafter *Gordon* I], that a "*Maggitt*-type remand . . . is tantamount to a finding that the remand was 'predicated on administrative error.'" She reasons that "most '*Maggitt*-type remands' involve the failure of the [Board] to . . . consider on behalf of the claimant a provision of law which might have been beneficial to the claim" and asserts that "[s]uch failures violate 38 U.S.C. § 7104(a)." As discussed below, I believe that, in certain circumstances, a violation of section 7104(a) would serve as the basis for a remand predicated upon administrative error. However, given the Court's decision in *Gordon* I, I agree with the Court's subsequent determination in *Gordon v. Principi*, 17 Vet.App. 221, 224-25 (2003) [hereinafter *Gordon* II] that Ms. Gordon was not a prevailing party for purposes of the Equal Access to Justice Act (EAJA). Consequently, I will deny Ms. Akers' motion for a full-Court decision.

Pursuant to 38 U.S.C. § 7104(a), the Board must consider "applicable provisions of law and regulation." The Board's responsibility to consider applicable regulations under section 7104(a) is not of little consequence, especially at a stage when proceedings are considered nonadversarial. If the Court, in an underlying decision or through the granting of a motion for remand, vacates a Board decision and remands a matter based upon a violation of section 7104(a), then that appellant would generally be afforded prevailing-party status for EAJA purposes. *See Cycholl v. Principi*, 15 Vet.App. 355, 359 (2001). However, the Board's failure to consider a regulation, such as § 1.942, is not, by itself, an administrative error that would enable an appellant to attain prevailing-party status. For an appellant to attain such status, not only must the Board fail to consider a regulation, but that regulation must be "applicable" within the meaning of 38 U.S.C. § 7104(a), as determined by the Court or conceded to by the Secretary. Moreover, the Board's failure to consider that regulation must be either recognized by the Court in its remand order, conceded to by the Secretary in a motion for remand, or both. *See Sumner v. Principi*, 15 Vet.App. 256, 265 (2001) (en banc), *aff'd*, *Vaughn v. Principi*, 336 F.3d 1351 (Fed. Cir. 2003) (appeal consolidated with appeal in *Sumner*); *see also Gordon* II, 14 Vet.App. at 224.

In *Gordon* I, the Court noted that "the Board [had] not address[ed 38 C.F.R. § 1.942]." *Gordon* I, 15 Vet.App. at 127. However, the Court went on to express doubt regarding the applicability of that regulation to Ms. Gordon's claim. *See id.* at 128-29. Nevertheless, the Court ultimately remanded the matter for "consideration of the argument by [the Board] in the first instance." *Id.* at 128. The Court, in *Gordon* II, subsequently denied Ms. Gordon's EAJA application after determining that the Court, in its remand order in *Gordon* I, "[had] not conclude[d] that the Board [had] erred in not considering § 1.942." *Gordon* II, 14 Vet.App. at 224.

Here, Ms. Akers and the Secretary agree that the Board did not address § 1.942; however, that was not the basis for their joint motion for remand. Instead, they advised the Court that "[t]he reason for [that] motion [was] this Court's opinion in *Gordon* I." Because the parties based their joint motion for remand solely on *Gordon* I, the doubts expressed by the Court in that case regarding the applicability of § 1.942 to Ms. Gordon's claim apply with equal force to Ms. Akers' claim. It follows that the parties' reliance on *Gordon* I cannot be seen as a concession of error by the

Secretary. Additionally, because the Court order granting the joint motion contained no analysis, that order cannot serve as a basis for a Court recognition of error.

In cases involving joint motions for remand, the parties exercise exclusive control over a document that will have significant bearing on, and potentially provide the sole basis for, the Court's determination regarding prevailing-party status for EAJA purposes. Here, Ms. Akers, through counsel, joined in a motion for remand that did not articulate a violation of section 7104(a) or any other basis for a finding of administrative error. The motion merely cited to *Gordon* I, a case in which the Court did not find error. Had the motion done more than cite to *Gordon* I, by, for example, clearly articulating that the remand was predicated on a violation of section 7104(a) as Ms. Akers now argues, then the Court would have had a basis for determining that Ms. Akers was a prevailing party. However, under the existing circumstances, I am unable to conclude that she is a prevailing party for EAJA purposes or that she has raised any argument that would warrant full-Court review.

KASOLD, *Judge*, *dissenting*: This case involves an application for attorney fees under the EAJA that was denied because the Court found that the underlying vacatur of the Board decision and remand of the matter was not predicated on error. This resulted in a finding in the case now before us that the veteran lacked prevailing-party status for EAJA purposes. *See Sumner v. Principi*, 15 Vet.App. 256, 260-61 (2001) (en banc), *aff'd sub nom. Vaughn v. Principi*, 336 F.3d 1351 (Fed. Cir. 2003).

Under the statutory scheme in chapter 72 of title 38, U.S. Code, this Court can vacate a Board decision and remand a matter only if, pursuant to section 7261(a), the Court finds error below or finds that the decision is not in accordance with law. The underlying order in this case that vacated the Board decision so that the Board could consider a regulation not previously considered was, and indeed must have been,[1] predicated on error. Specifically, the remand and vacatur order was issued so that a regulation addressing the processing of bad debts that had not been previously considered by the Board could be reviewed for its applicability to a request for waiver of a debt.

There should be little doubt that it is error for the Secretary to fail to consider a regulation potentially applicable to a veteran's claim. *See Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991) (holding that it is arbitrary and capricious for the Board not to acknowledge a regulation that "is made ***potentially*** applicable through the assertions and issues raised in the record" (emphasis added)). Indeed, "[the] Board is required to consider a . . . claim . . . under all applicable provisions of law and regulation whether or not the claimant specifically raises the applicable provision," *Beatty v. Brown*, 6 Vet.App. 532, 536 (1994), and "may not ignore or disregard a claim merely because the veteran did not expressly raise the appropriate legal provision which corresponds to the benefit sought," *Fanning v. Brown*, 4 Vet.App. 225, 229 (1993) (citing *Akles v. Derwinski*, 1 Vet. App 118,

---

[1] The Court is presumed to have acted within its authority and the action will be construed, if possible, to provide that result. *See Old Wayne Mut. Life Ass'n v. McDonough*, 204 U.S. 8, 20 (1907) (noting general rule that a court, "when proceeding within the general scope of its powers, is presumed to act rightly within its jurisdiction").

4

121 (1991)).  This duty has not diminished over time.  *See Szemraj v. Principi*, 357 F.3d 1370, 1376 (Fed. Cir. 2004) (discussing VA's duty to "give a sympathetic reading to the veteran's filings to determine all claims for recovery supported by a liberal construction of those allegations"); *Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998) (the Secretary has the duty to "fully and sympathetically develop the [veteran's] claim to its optimum before deciding it on the merits.").

Accordingly, because I believe that the underlying vacatur and remand order had to have been and was predicated on error, I would reverse the holding in the case before us that the appellant veteran lacked prevailing-party status under the EAJA.  This would not necessarily lead to an award of attorney fees under the EAJA because there would  remain the issue of whether the Secretary's action was substantially justified.  *See* 28 U.S.C. § 2412 (d)(1)(B); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc).  I would therefore send the case back to the single judge for determination of this issue.

More pointedly, however, this case (1) presents an exceptionally important issue whether we can vacate a Board decision and remand a matter without finding the Board decision faulty in some way, and (2) highlights a growing lack of uniformity in the Court's decisions.  Both are bases for granting a full-Court decision.  U.S. VET. APP. R. 35 (c).

*1. Authority to Vacate and Remand*

Our vacatur authority is contained in section 7261(a),[2] which allows us to "hold unlawful and set aside"[3] decisions, findings, or conclusions of the Board when they are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" (section 7261(a)(3)(A)), "contrary to constitutional right, power, privilege, or immunity" (section 7261(a)(3)(B)), "in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right" (section 7261(a)(3)(C)), "without observance of procedure required by law" (section 7261(a)(3)(D)), or, as to factual determinations, "clearly erroneous" (section 7261(a)(4)).  ***None*** of the grounds for vacatur allows this Court to vacate a final Board decision without a finding that the Board decision is in some way deserving of being set aside.[4]

---

[2]  In contrast, our authority to "affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate," is contained in section 7252(a) and, although generally circumscribed by our scope of review, our authority to "remand the matter, as appropriate" is not as limited as our authority to vacate.  *See* 38 U.S.C. §§ 7252(a), (b), 7261; *infra* n.5.

[3]  "Set aside" is defined as "to annul or ***vacate*** (a judgment, order, etc.)."  BLACK'S LAW DICTIONARY 1376 (7th ed. 1990) (emphasis added).

[4]  In addition to being appropriate when there is error below, vacatur is appropriate when a Board decision is rendered no longer "in accordance with law" as a result of some intervening cause.  38 U.S.C. § 7261(a)(3)(A).  *See, e.g.*, *Luyster v. Gober*, 14 Vet.App. 186 (2000) (vacatur and remand for application of recently passed law with retroactive application); *Landicho v. Brown*, 7 Vet.App. 42 (1994) (vacatur and dismissal when an appellant dies during the pendency of his case before this Court).  Because there is no error below in these cases, there would be no prevailing-party status under the EAJA.  *See, e.g., Sumner v. Principi*, 15 Vet.App. 256, 260-61 (2001) (en banc), *aff'd sub nom.*

5

The concept of vacating a Board decision and remanding the matter[5] without a finding either of error or that the decision was not in accordance with law first came to fruition in *Gordon v. Principi*, 17 Vet.App. 221, 223 (2003) [hereinafter *Gordon II*], when a panel of this Court, relying on *Maggitt v. West,* 202 F.3d 1370 (Fed. Cir. 2000), effectively stated that we could vacate a Board decision and remand the matter without a finding of Board error. The single judge in the case now before us, relying on *Gordon II*, determined that the underlying court-approved joint remand and vacatur request, which did not specifically recognize a Board error, was not based on error.

The Federal Circuit in *Maggitt,* however, did not grant, nor does it appear that that court intended to or could grant, authority inconsistent with or in contravention of our existing authority under title 38 to vacate a Board decision and remand the matter. It "is axiomatic that the language in [any case] must be read in light of the facts and issues that were before the court when the language was written." *Grantham v. Brown*, 114 F.3d 1156 (Fed. Cir. 1997). The issue confronting the Federal Circuit in *Maggitt* was whether this Court had jurisdiction to address an issue not raised below. *Maggitt*, 202 F.3d at 1376-77. The Federal Circuit held that we did, as long as we had jurisdiction over the claim. *Id.* Anything beyond that finding is dicta. *See Lasovick v. Brown*, 6 Vet.App. 141, 153 (1994) (Ivers, J., concurring in part and dissenting in part) ("The danger of . . . dicta is that, although theoretically and technically not binding, practically, [it] give[s] the appearance of carrying the cloak of judicial acceptance.").

Moreover, although *Maggitt* did address the benefits of a remand (i.e., (1) so that the matter can be resolved in the first instance below, or (2) so that a later reviewing Court can have the benefit of the Board's analysis on the issue, *Maggitt*, 202 F.3d at 1377), *Maggitt* never said that these benefits were themselves the bases or authority for remand, let alone vacatur. Vacatur is not warranted unless, upon our review, we find the necessary basis for such an order. This is fully consistent with the statutory mandate that a Board decision is final, subject only to reconsideration by the Board Chairman (section 7103(a)), reopening by the Board itself to correct obvious error

---

*Vaughn v. Principi*, 336 F.3d 1351 (Fed. Cir. 2003).

[5] It appears that our remand authority, when exercised alone, although also tied largely to our scope-of-review authority in section 7261, is not necessarily so limited. Section 7252(a) is a general statement of our judicial authority, which is tied to our exclusive jurisdiction to review decisions of the Board. Section 7252(b) states that our review is to be on the record below and limited to the scope of review provided in section 7261. Nevertheless, there are instances when a remand might be appropriate without review. In *Cerullo v. Derwinski*, 1 Vet.App. 195, 196 (1991), this Court sanctioned the relinquishment of our jurisdiction at the request of the Board, so that it might reconsider its decision. There is no review of the record in such cases, only action upon a request by the Board (brought to this Court via either a motion by the Secretary or a joint motion). This relinquishment of jurisdiction has been effectuated by both remand, *see Lematta v. Brown*, 8 Vet.App. 504, 506 (1996) (EAJA case, but noting that underlying merits disposition had been remanded pursuant to Secretary's *Cerullo* motion), and vacatur and remand, *Miller (John D.) v. Principi*, No. 02-287, 2002 WL 31477648, at *2-3 (Vet. App. Oct. 31, 2002) (granting Secretary's *Cerullo* motion and vacating and remanding) (not cited as precedent, *see infra* n.7). I question the appropriateness of vacating the Board decision in such cases; a vacated decision leaves nothing to be reconsidered by the Board, vacatur is not necessary, and our vacatur authority is clearly tied to our review, which is not being conducted in such cases. I also recognize that a vacatur order in these cases likely carries little or no practical impact. This is not so in the instant case, where prevailing-party status is denied even in the face of error below.

(section 7103(b)(3)), or order of the Court (consistent with our jurisdictional statute) (sections 7252(a), 7261). *See* 38 U.S.C. §§ 7103(a), (b)(3), 7252(a), 7261; *Hayslip v. Principi*, ___ F.3d ____, ____, Nos. 03-7101, 03-7102, 2004 U.S. App. LEXIS 6971, at *11-14 (Fed. Cir. Apr. 9, 2004) (discussing finality of Board decision and noting that finality is only vitiated in a few, narrow ways). If we could vacate a Board decision and remand for consideration of any newly raised issue, even one not potentially applicable, it would weaken or render meaningless the finality provisions of the statute.

### 2. *The Growing Conflict*

We now have at least four cases addressing an identical issue; in two cases, the Board decisions have been vacated and the matter remanded without a finding of error, whereas the other two Board decisions were vacated and the matter remanded based on a determination that the regulation not addressed below should have been considered and addressed. *Compare Wanner v. Principi*, 17 Vet.App. 4, 13 (2003) (remanding argument for 10% rating in each ear for bilateral tinnitus because of Board's error in failing to consider and address 38 C.F.R. § 4.25(b)) *and Chamblin v. Principi*, No. 00-2305, 2003 WL 1559893 (Vet. App. Mar. 21, 2003) (same), *with Pardue v. Principi*, No. 00-2124, 2002 WL 549938 (Vet. App. Mar. 11, 2002) (remanding, under *Maggitt*, argument for 10% rating in each ear for bilateral tinnitus for Board to consider in the first instance), *and Gibson v. Principi*, No. 00-2155, 2002 WL 337542 (Vet. App. Feb. 13, 2002) (same).[6] Besides the question whether we are acting in accordance with our statutory authority, the further import of these differing bases for remand becomes manifest in any associated EAJA application, with prevailing-party status clearly present in one situation, yet, under *Gordon II*, found lacking in another. *Compare Chamblin v. Principi*, No. 00-2305 (Vet. App. Aug. 5, 2003) (order granting EAJA application), *with Pardue v. Principi*, No. 00-2124, 2002 WL 31941518 (Vet. App. Dec. 4, 2002) (order denying EAJA application). Left unaddressed, this lack of uniformity in the application of our remand and vacatur authority is certain to grow; we should issue a full-Court decision in this case to prevent that from happening.

### 3. *An Appropriate Case for En Banc Consideration*

With regard to whether this is the appropriate case to address the issues raised above, I respectfully suggest it is. Reviewing this case would not lead to a rewrite of the underlying merits decision, nor, obviously, would it lead to any of the anomalies that could arise if such a merits rewrite were conducted. We need only apply the well-settled legal principle that the Court is presumed to have acted within its jurisdiction, *see* n.1, *supra*, note that the underlying decision vacated the Board decision and remanded the matter so that a regulation could be considered that was not previously considered, and find that the vacatur must have been predicated on error below. A reversal of the decision finding no error (including implicit error) and denying prevailing-party status is all that is required. Effectively, we would be overruling *Gordon II, supra*.

---

[6] I am not citing the nonprecedential cases as authority. *See* U.S. VET. APP. R. 30(a). Rather, I am citing them to show how the Court has applied the law inconsistently to identical arguments and factual scenarios.

Finally, although the underlying order in this case that vacated the Board decision and remanded the matter to the Board was requested by the parties in a joint motion that did not contain an admission of error by the Secretary, this does not end the matter.[7] Although *Sumner*, *supra*, recognizes an admission of error by the Secretary as one prong leading to prevailing-party status, it clearly notes that even absent such admission a Court finding of error in support of the remand action is another prong that will lead to prevailing-party status. *Id.* at 265. In the underlying merits decision in this case, the Court not only remanded the matter, it vacated the Board decision. As discussed above, the decision to vacate the matter could only have been based on error; since such error was not explicitly found, it necessarily must have been implicit. To hold otherwise means that the vacate order was improvident and/or ultra vires; such a result is not necessary.

For the above reasons, I respectfully dissent from the decision to deny en banc review.

---

[7] As the Supreme Court has stated, in the context of its own review: "All Members of the Court are agreed that we 'should [not] mechanically accept any suggestion from the Solicitor General that a decision rendered in favor of the Government by a United States Court of Appeals was in error.'" *Lawrence v. Chater*, 516 U.S. 163, 170-71 (1996) (quoting *Mariscal v. United States*, 449 U.S. 405, 406 (1981) (Rehnquist, J., dissenting)). *See also Chiarella v. United States*, 341 U.S. 946 (1951) (remand based on consideration of the record as well as confession of error by the Solicitor General); *Penner v. United States*, 399 U.S. 522 (1970) (remand based on an independent review of the record and confession of error by the Solicitor General). Nor has the agreement of the parties been deemed sufficient to set aside a valid judgment. *See*, *e.g.*, *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26-27 (1994) (setting aside a valid judicial judgment should not turn solely upon agreement of the parties); *Grantham v. Brown*, 114 F.3d 1156, 1158 (Fed. Cir. 1997) (agreement of the parties that decision below was improper "may not be resolved by consent and must be addressed on the merits").