# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0381(E)

KEITH D. SNYDER, APPELLANT,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided  February 17, 2009)

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Paul J. Hutter*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Edward V. Cassidy, Jr.*, Deputy Assistant General Counsel, all of Washington, D.C., for the appellee.

Before GREENE, *Chief Judge*, and KASOLD and DAVIS, *Judges*.

DAVIS, *Judge*:  Before the Court is attorney Keith D. Snyder's October 26, 2007, application for an award of $24,908.68 for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  The Secretary argues that his position was substantially justified and that, therefore, the application should be denied.  For the reasons that follow, the Court will deny the EAJA application.

## I.  BACKGROUND

This EAJA request arises from successful litigation regarding appellant Snyder's representation of an incarcerated veteran.  Mr. Snyder had successfully represented an incarcerated veteran who was given a past-due benefit award based on a 70% disability rating.  Because of the veteran's incarceration, however, VA reduced his payment to that corresponding to a 10% disability rating pursuant to statute.  *See* 38 U.S.C. § 5313 (mandating a rating reduction to 10% for incarcerated claimants).

Under 38 U.S.C. § 5904(d)(1), Mr. Snyder was authorized to receive fees in an amount "equal to 20% of the total amount of any past-due benefits awarded on the basis of the . . . claim." The question before the Board was whether Mr. Snyder's 20 percent fee would be calculated based on the 70% disability rating awarded to the veteran, or the 10% reduced rating. The Board of Veterans' Appeals (Board) concluded that it was the latter. Mr. Snyder appealed that decision to this Court.

In a February 2006 panel opinion, this Court affirmed the Board's decision to base Mr. Snyder's attorney fee award based on the past-due benefits his client *actually received* after the statutorily mandated reduction because of the veteran's incarceration, rather than the full amount of past-due benefits awarded prior to the reduction.

In a June 8, 2007, opinion, the United States Court of Appeals for the Federal Circuit (Federal Circuit) reversed this Court's decision. *See Snyder v. Nicholson*, 489 F.3d 1213 (Fed. Cir. 2007). The Federal Circuit determined that "section 5313 [(reducing disability awards to 10% if a veteran is incarcerated)] does not serve to restate the award of past-due benefits; instead, it only serves as a withholding device." *Id.* at 1219. Consequently, the Federal Circuit remanded the matter for "VA to calculate Mr. Snyder's 20 percent fee on the basis of [the veteran's] award of a 70[%] disability rating." *Id.* Accordingly, on September 25, 2007, this Court remanded Mr. Snyder's claim to the Board. This EAJA application followed.

## II. ANALYSIS

### A. Eligibility

This Court has jurisdiction to award reasonable fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(B). *See* Veterans Benefits Act of 2002 (VBA), Pub. L. No. 107-330, § 403, 116 Stat. 2820, 2833 (2002). EAJA fees may be awarded where the application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and contains (1) a showing that the appellant is a prevailing party; (2) a showing that the appellant is a party eligible for an award because his net worth does not exceed $2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of the fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004);

*Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc).  The appellant's EAJA application was timely filed and satisfies the EAJA-content requirements, and is therefore eligible to receive an EAJA award.  *See id.*  The Secretary makes no argument with respect to prevailing-party status, net worth, or the reasonableness of the fees requested.  The only issue in contention is whether the Secretary's position was substantially justified at the administrative stage.

B.  Substantial Justification

The appellant contests the justification of the Secretary's position at the administrative level only.  Once an allegation of lack of substantial justification is made, the burden is on the Secretary to prove that his position was substantially justified.  *See Cullens*, *supra*; *Locher v. Brown*, 9 Vet.App. 535, 537 (1996).  In judging reasonableness during the administrative proceedings, the Court looks to the relevant determinative circumstances, including the state of the law at the time of the Board decision.  *Moore v. Gober*, 10 Vet.App. 436, 440 (1997) (citing *Bowyer v. Brown*, 7 Vet.App. 549, 552 (1995)).  That determination is based not on any single factor, but on the totality of the circumstances, which includes consideration of, "among other things, 'merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties'" before the Court. *White v. Nicholson*, 412 F.3d 1314, 1317 (Fed. Cir. 2005) (quoting *Johnson v. Principi*, 17 Vet.App. 436, 442 (2004)).  Moreover, "a position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994).

The Secretary maintains that the Board "relied upon case law from this Court and statutes and regulations that had not been challenged." Secretary's Response (Resp.) at 5.  He further states that, at the administrative level, the Board discussed the relevant statutes, regulations, and caselaw pertaining to payment of attorney fees, and further notes that this Court subsequently agreed with the Board's analysis.  He argues that the Federal Circuit, "for the first time" determined that the amount awarded to a veteran is distinct from the amount paid to the veteran.  He further argues that "the Board was following well-established law and its analysis was subsequently upheld by this Court." Secretary's Resp. at 11.

3

The Court agrees with the Secretary that the Board's decision at the administrative level was substantially justified; that is, it had a reasonable basis in law and fact. *See Stillwell*, *supra*. The issue was one of first impression. The Secretary's interpretation that attorney awards should be paid only from the amounts actually paid to a veteran, as reflected in the Secretary's regulation, 38 C.F.R. § 20.609[1], was consistently held and reasonably based on the concept that an attorney's fee is derived from the amount actually paid to or on behalf of the veteran as opposed to the amount that might be awarded absent other statutory constraints, such as those imposed when a veteran is in prison, *see* 38 U.S.C. § 5313, or receiving military retired pay, *see* 10 U.S.C. § 1414; *see also* 38 C.F.R. § 20.609(h)(1)(iii) (removed in 2008) (defining "past-due benefits" as a non-recurring "payment"). That the Secretary's position ultimately was rejected does not mean that he was not substantially justified in his position. *See Pierce,* 487 U.S. 552, 566, 569 (1988) ("Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified."); *Bates v. Nicholson*, 20 Vet.App. 185, 192 (2006) (holding Secretary's position to be substantially justified where the question presented was a matter of first impression); *see also Edwards v. McMahon*, 834 F.2d 796, 802-03 (9th Cir. 1987) (finding the Secretary's position substantially justified where the district court granted summary judgment on the issue of relevant regulation's inconsistency with the relevant statute, but "the issue involved a matter of first impression. The parties raised difficult questions of statutory interpretation, with substantial sums at stake. The Secretary 'argued forcefully and well for ... [his] position.'" (internal citations omitted; omission and alteration in original)).

Although "'EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong.'" *Carpenter v. West*, 12 Vet.App. 316, 321 (1999) (quoting *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993)). Here, based on the overall circumstances surrounding this matter, the Secretary's position was "justified to a degree that would satisfy a reasonable person." *Pierce*, 487 U.S. at 565; *see also Stillwell*, 6 Vet.App. at 303.

---

[1]Section 20.609 has been amended and renumbered effective June 23, 2008. *See* 38 C.F.R. § 14.636; *see also* 73 FR 29852-01 at 29866 (noting that section 14.636 applies "to fee agreements entered on or after June 23, 2008. They do not apply to fee agreements entered before June 23, 2008.").

### III.  CONCLUSION

Upon consideration of the pleadings and record on appeal, and for the reasons stated herein, the application is DENIED.