# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-10052; 04-1254(E)

ALVA JANDREAU, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided    April 8, 2009)

*Ronald L. Smith*, of Washington, D.C., for the appellant.

*Richard Mayerick*, Deputy Assistant General Counsel, with *Paul J. Hutter*, Acting General Counsel; *R. Randall Campbell*, Assistant General Counsel, all of Washington, D.C., for the appellee.

*Before* GREENE*, Chief Judge,* HAGEL *and* DAVIS*, Judges.*

GREENE, *Chief Judge*, filed the opinion of the Court. DAVIS, *Judge*, filed a dissenting opinion.

GREENE, *Chief Judge*: Before the Court is Alva Jandreau's January 14, 2008, application for an award of $20,372.59 in attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary argues only that his position was substantially justified, and therefore, the application should be denied. For the reasons that follow, the EAJA application will be denied.

## I. PROCEDURAL BACKGROUND

In an August 2006 single-judge order, the Court affirmed a May 2004 Board of Veterans' Appeals (Board) decision denying VA service connection for residuals of a right-shoulder dislocation. The Court held that the Board did not err in ruling that Mr. Jandreau had not presented competent evidence that his current condition was the result of a shoulder dislocation during service

and that, as a lay person, Mr. Jandreau could not opine as to the etiology of his current disability. *Jandreau v. Nicholson*, No. 04-1254, 2006 WL 2805545 (Vet. App. Aug. 24, 2006). Mr. Jandreau appealed to the United States Court of Appeals for the Federal Circuit (Federal Circuit), and the Secretary contested that appeal on the basis that this Court had ruled that medical evidence was required for establishing an in-service diagnosis of a dislocated shoulder. The Federal Circuit reversed this Court's decision after holding that medical evidence was not necessarily required to diagnose Mr. Jandreau's in-service condition as a dislocated shoulder. *Jandreau v. Nicholson*, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). Accordingly, the Court remanded Mr. Jandreau's claim to the Board for further adjudication. *Jandreau v. Mansfield*, No. 04-1254, 2007 WL 3021653 (Vet. App. Oct. 16, 2007). This EAJA application followed.

## II. EAJA LAW

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). Mr. Jandreau's EAJA application was filed within the 30-day application period set forth in 28 U.S.C. § 2412(d)(1)(B) and satisfies the requirements that the application contain (1) an allegation that, by virtue of the Court's remand, Mr. Jandreau is a prevailing party within the meaning of EAJA; (2) a showing that he is a party eligible for an EAJA award because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. 28 U.S.C. § 2412(d)(1)(A), (1)(B), and (2)(B); *Scarborough v. Nicholson*, 19 Vet.App. 253 (2005); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc).

There is no dispute that Mr. Jandreau is a prevailing party; the only issue in contention is whether the Secretary's litigation position was substantially justified. Mr. Jandreau maintains that the Secretary's litigation position before the Federal Circuit failed to account for the Federal Circuit's holding in *Buchanan v. Nicholson*, 451 F.3d 1331, 1335 (Fed. Cir. 2006), that "competent lay evidence can be sufficient in and of itself" to establish entitlement to a benefit. The Secretary maintains that his position during the litigation stage was substantially justified because a matter of evolving caselaw was at issue, and that it was reasonable for him to have relied upon this Court's ruling, which was issued after the Federal Circuit's *Buchanan* decision.

2

Once an allegation of lack of substantial justification is made, the burden is on the Secretary to demonstrate that VA was substantially justified in its positions. *See Cullens*, *supra*; *Locher v. Brown*, 9 Vet.App. 535, 537 (1996). The Secretary's position is substantially justified "'if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). That determination is based not on any single factor, but on the totality of the circumstances and includes consideration of, "among other things, 'merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties'" before the Court. *White v. Nicholson*, 412 F.3d 1314, 1317 (Fed. Cir. 2005) (quoting *Johnson v. Principi*, 17 Vet.App. 436, 442 (2004)); *see also Stillwell*, *supra*. Additionally, the evolution of law that has often resulted in new, different, or more stringent requirements for adjudication is one factor for the Court to consider. *Stillwell*, *supra*; *see Bowey v. West*, 218 F.3d 1373, 1376-77 (Fed. Cir. 2000) (holding that substantial justification shall be determined on basis of law that was in existence at time Government adopted its position). Arguments presented in a case of first impression are more likely to be considered substantially justified than those where the Court determines that the Secretary ignored existing law. *See Johnson, supra*. However, "'[a] lack of judicial precedent adverse to the government's position does not preclude a fee under the EAJA.'" *Felton v. Brown*, 7 Vet.App. 276, 281 (1994) (quoting *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir. 1988)).

**III. ANALYSIS**

The question before us is whether the Secretary has met his burden of demonstrating that the government's litigation position before the Federal Circuit in this case had a reasonable basis in law and fact. The Secretary argues that *Jandreau* was a case of first impression and that reasonable minds could differ concerning the role of lay evidence in determining medical matters even after the Federal Circuit's holding in *Buchanan*. To answer this question, we first must briefly review the use of lay evidence in claims for veterans benefits and the role the Federal Circuit's holdings in *Buchanan* and *Jandreau* have played in shaping this area of veterans benefits law.

3

A. Lay Evidence in Veterans Law

Veterans may receive compensation when it is established that they have current disabilities resulting from an injury or disease incurred in or aggravated by active service. *See* 38 U.S.C. §§ 1110, 1131. When adjudicating a claim for veterans benefits, "[t]he Secretary shall consider all information and lay and medical evidence of record." 38 U.S.C. § 5107(b). Service connection may be established directly or through a statutory or regulatory presumption. For direct service connection for a disability, a veteran must show (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. *See Hickson v. West*, 12 Vet.App. 247, 253 (1999); *Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table). Alternatively, if certain chronic diseases are diagnosed in service or within the applicable presumptive period, then subsequent manifestations of those same chronic disease at any later date generally will be service connected on a presumptive basis even without any medical evidence of a nexus between the in-service disease and the present condition–the third element required for direct service connection. *See* 38 U.S.C. § 1112; *Groves v. Peake*, 524 F.3d 1306, 1310 (Fed. Cir. 2008); 38 C.F.R. §§ 3.303(b), 3.307(a), 3.309(a) (2008); *see also Savage v. Gober*, 10 Vet.App. 488, 494-95 (1997). Our caselaw further instructs that lay testimony is competent to establish the presence of observable symptomatology but is not competent to prove that which would require specialized knowledge or training. *See Layno v. Brown*, 6 Vet.App. 465, 470 (1994). Prior to the Federal Circuit's decision in *Jandreau*, issues that required medical knowledge to render a competent opinion included a medical diagnosis and the etiology of a disability. *See Moray v. Brown*, 5 Vet.App. 211, 214 (1993); *Espiritu v. Derwinski*, 2 Vet.App. 492, 494-95 (1992).

B. *Buchanan v. Nicholson*

In *Buchanan*, a veteran sought to establish an in-service incurrence of a disability–element two of service connection–by submitting lay evidence recalling his medical condition during service. Alternatively, the veteran sought a presumption of service connection based on lay testimony concerning the onset of his chronic disease. The Board found that the veteran's recollections of medical problems some 20 years after his separation from service lacked credibility absent

confirmatory clinical records establishing an in-service incurrence of his disease and, that even if his disability began within one year of discharge, there was insufficient medical evidence to determine whether it was disabling to a compensable degree during that time as required for presumptive service connection. *See* 38 C.F.R. § 3.307(a) (2008) (certain chronic diseases are presumed to be service connected if they are manifested to compensable degree within one year of discharge). On appeal, this Court held that the Board acted within its province in determining that the veteran's lay evidence concerning the onset of his disability lacked credibility. *See Buchanan v. Nicholson*, No. 02-1524, 2005 WL 896458 (Vet. App. Feb. 16, 2005). The Federal Circuit reversed that decision after holding that the Board "cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence." *Buchanan*, 451 F.3d at 1337. The Federal Circuit pointed out that the Board had not made any determination regarding whether the veteran was *competent* to provide evidence of the onset of his disability, but had erred in determining that the veteran was not *credible*. *Id*. at 1336 ("The Board's decision . . . does not reflect a determination on the competency of the lay statements."). With regard to presumptive service connection for a chronic condition, the Federal Circuit stated that § 3.307(b) does not require both medical and competent lay evidence to establish the existence of a chronic disease, and thus, "competent lay evidence can be sufficient in and of itself" to establish entitlement to a benefit. *Buchanan*, 451 F.3d at 1335 (citing 38 C.F.R. § 3.307(b) (in claiming chronic disease, "factual basis may be established by medical evidence, competent lay evidence[,] or both.")).

Upon review, we find the Federal Circuit's *Buchanan* decision harmonious with this Court's previous precedent and existing VA regulations that provide that, in certain cases, lay evidence may establish element two for direct service connection of a current disability. *See Hickson, Caluza,* and *Layno*, all *supra*; 38 C.F.R. § 3.303. Similarly, *Buchanan* is in line with the previous legal framework that lay evidence may be competent to prove the existence of a chronic disease that can be diagnosed or demonstrated without medical expertise in presumptive service-connection claims. *See Savage*, 10 Vet.App. at 495 (for certain chronic diseases, lay evidence may be competent to identify in-service existence of chronic disease *and* whether current condition is subsequent manifestation of that same chronic disease); 38 C.F.R. §§ 3.303(b), 3.307(a), 3.309(a). The distinction between the use of lay evidence in direct service-connection claims and presumptive

service-connection claims for chronic diseases exists because in the latter case the lay evidence is not being used to establish *a medical causation or etiology* but rather to establish, by evidence of observable symptomatology, *that the currently diagnosed chronic disease is the same condition* that was present during service or during the presumptive period of § 3.307(a). Thus, although *Buchanan* provided new requirements for determining the *credibility* of lay evidence, we find nothing in the *Buchanan* holding that broke new ground concerning the *competency* of lay evidence to establish service connection either on a direct basis or through the presumption afforded to certain chronic diseases.

## C. *Jandreau v. Nicholson*

In the case underlying this EAJA application, Mr. Jandreau sought direct service connection for residuals of a right-shoulder dislocation. He presented the Board with medical evidence showing that he had been diagnosed with joint arthritis and rotator cuff impingement of the right shoulder that was most likely the result of a right-shoulder dislocation and lay evidence, in the form of his own testimony and a statement from a fellow serviceman, that he had dislocated his right shoulder during his Army basic training in 1957. VA found that his service medical records were presumed to have been destroyed in a fire at the National Personnel Records Center. The Board denied his claim after finding that Mr. Jandreau was competent to present evidence that he had an injury during service but not competent to establish that the injury he experienced in 1957 was the etiology of his current disability. On appeal, the Court affirmed the Board's decision that a diagnosis of Mr. Jandreau's shoulder injury during basic training required medical evidence. *Jandreau*, 2006 WL 2805545 at *3. The Court determined that because no such medical diagnosis had been presented, either in service or after service, the Board was correct in finding that there was no competent evidence linking Mr. Jandreau's current disabilities to the 1957 in-service shoulder injury, and thus, service connection was not warranted[1]. *Id*.

---

[1]Our dissenting colleague is mistaken that this Court or the Board summarily dismissed the competency of Mr. Jandreau's lay evidence. To the contrary, this Court held that Mr. Jandreau had presented competent lay testimony to VA regarding an in-service injury to his shoulder, but could not provide the medical diagnosis that was required to establish the etiology of his current disability. *Jandreau*, 2006 WL 2805545 at *3 (holding that Mr. Jandreau is competent to testify as to his shoulder pain and limitation of motion, but whether he experienced dislocation of his shoulder requires medical diagnosis).

In reversing this Court's decision, the Federal Circuit held that to require a medical diagnosis of Mr. Jandreau's in-service injury was inconsistent with the holding of *Buchanan*. *See Jandreau*, 492 F.3d at 1376-77. Specifically, the *Jandreau* decision relied upon what it found to be the rule announced in *Buchanan*–that "'competent lay evidence can be sufficient in and of itself.'" *Id.* at 1376 (quoting *Buchanan*, 451 F.3d at 1335). The Federal Circuit found that this rule was of heightened importance given that Mr. Jandreau's service medical records were presumed to have been destroyed, stating that without accepting his lay diagnosis, it would be virtually impossible to establish service connection.[2] Accordingly, the Federal Circuit determined that, under *Buchanan*, this Court's holding in *Jandreau* that only competent medical evidence could establish the missing medical etiology or medical diagnosis "was too broad." *Jandreau*, 492 F.3d at 1377.

In *Jandreau*, the Federal Circuit identified two instances in which lay evidence, *even without supporting medical evidence*, may be competent and sufficient to establish the diagnosis of a condition: (1) Where the lay person is competent to identify the medical condition and (2) where the lay person is recalling an unavailable contemporaneous medical diagnosis. *Jandreau*, 492 F.3d at 1377. In a footnote, the decision instructed merely that a layperson is competent to "identify" the condition "where the condition is simple, for example a broken leg." *Id*. at n. 4. The Federal Circuit declined to consider whether a lay person is competent to diagnosis a shoulder dislocation, finding that this was a factual determination to be made by VA in the first instance. *Id*. at 1377.

### D. Substantial Justification

The Federal Circuit's holding in *Jandreau* constituted an evolution of VA benefits law in a case of first impression. *See Stillwell, supra*. The Secretary correctly points out that the Federal Circuit provided no citation of law for its discussion in *Jandreau* of the circumstances where lay evidence may be competent to diagnosis certain medical conditions. Mr. Jandreau's contention that it was unreasonable for the Secretary not to attempt to distinguish *Buchanan* in the briefing before

---

[2]The Federal Circuit, however, seemingly recognized that there were other possibilities for addressing this problem in their next paragraph by acknowledging and agreeing with this Court's holding that a diagnosis of an in-service condition may be established by a medical professional who uses lay testimony describing symptoms at the time to make a retrospective diagnosis. *Jandreau*, 492 F.3d at 1377; *see Caluza*, 7 Vet.App. at 505 (service connection may be established even if condition was not diagnosed until after service when evidence demonstrates in-service incurrence).

the Federal Circuit is diminished by the fact that Mr. Jandreau cited to *Buchanan* only once, in a string cite and with no parenthetical.

Our dissenting colleague argues that the Federal Circuit's language in *Buchanan* that competent lay evidence can be sufficient in and of itself "unequivocally rejected" this Court's precedential caselaw that a lay person, such as Mr. Jandreau, is, per se, not competent to diagnose an injury that requires medical knowledge. However, we see this as a bridge too far. The statement quoted by the dissent from *Buchanan* was in reference to a veteran attempting to establish presumptive service connection for a chronic disease, and thus, has little relevance to a lay person attempting to provide a medical etiology opinion for a current shoulder condition. While *Buchanan* established that lay evidence can, in certain circumstances, be credible even without supporting medical evidence, *Jandreau* represents a furtherance of the previous legal framework regarding the competency of lay evidence to provide a retrospective medical diagnosis, and thus, evidence of a nexus between a claimed in-service injury and a present disability. *Compare Jandreau* with *Moray* and *Espiritu*, both *supra*.

We hold that the Secretary's litigation position before the Federal Circuit–that a medical diagnosis was required to establish that Mr. Jandreau's reported in-service symptoms were, in fact, a dislocated shoulder to link his service with his currently diagnosed residuals of a dislocated shoulder–was not contrary to established law at the time. At the very least, reasonable minds could differ as to whether the *Buchanan* holding regarding the competency of lay evidence to recognize a chronic disease absent supporting medical evidence extended to the competency of lay evidence to diagnose a 40-year-old injury as a dislocated shoulder that has resulted in a current disability. Accordingly, the Secretary has met his burden of establishing that his litigation position in the appeal of this case before the Federal Circuit was reasonable, and thus, substantially justified. *See Cullens, supra*; *Stillwell*, 6 Vet.App. at 303; *see also Carpenter v. West*, 12 Vet.App. 316, 321 (1999) ("'EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong.'") (quoting *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993)).

## IV. CONCLUSION

Upon consideration of the pleadings filed for this appeal, and for the reasons stated herein, the EAJA application is DENIED.

DAVIS, *Judge*, dissenting: Because the Secretary's position was not substantially justified, and specifically, it was contrary to judicial precedent, I must respectfully dissent. *See White v. Nicholson*, 412 F.3d 1314, 1317 (Fed. Cir. 2005) (evaluating "substantial justification" by, among other things, "consistency with judicial precedent . . . and action or failure to act, as reflected in the record on appeal and the filings of the parties").

The Secretary adopted the following position before the Federal Circuit: "It is well established [ ] that lay witnesses are not competent to offer opinion testimony on matters requiring specialized skill or training, such as matters of medical diagnosis or etiology." Secretary's Brief at 14. In other words, the Secretary supported the proposition that a lay person is per se not competent to provide diagnosis or etiology of any condition, and thus, this evidence alone could not establish service connection.

That position was unequivocally rejected nearly eight months prior in *Buchanan v. Nicholson*, 451 F.3d 1331 (Fed. Cir. 2006), a case that was noticeably absent from the Secretary's brief (the appellant's brief did at least cite this controlling case). In *Buchanan*, the Federal Circuit held:

> [T]he Board's statement, that the lay statements lack credibility absent confirmatory clinical records to substantiate such recollections . . . reflects a legally untenable interpretation of the above enumerated statutory and regulatory provisions: that absent confirmatory medical evidence, lay evidence lacks credibility. While the lack of contemporaneous medical records may be a fact that the Board can consider and weigh against a veteran's lay evidence, the lack of such records does not, in and of itself, render lay evidence not credible. Such an interpretation is unreasonable because it would render portions of the statutes and regulations meaningless as it would read out the option of establishing service connection based on competent lay evidence.

*Id*. at 1336. Significantly, the Federal Circuit held that the statutory and regulatory provisions "make clear that competent lay evidence can be sufficient in and of itself." *Id*. at 1335. Thus, even an exceedingly narrow interpretation of *Buchanan's* holding would tend to put a reasonable person on

notice that lay evidence should not be summarily dismissed. *See Jandreau v. Nicholson*, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting that under *Buchanan*, the determination that "'competent medical evidence is required . . . [when] the determinative issue involves either medical etiology or a medical diagnosis' is too broad"). In the same sense, *Buchanan* made clear that the Secretary cannot continue to reject lay evidence as a matter of law when it pertains to medical diagnosis or etiology; rather, such evidence must be weighed by the fact finder to determine its import. *See Buchanan*, 451 F.3d at 1337 (noting that it is the Board's obligation to determine "whether lay evidence is credible in and of itself"); *see also Jandreau*, 492 F.3d at 1377 ("Whether lay evidence is competent and sufficient in a particular case is a fact issue to be addressed by the Board rather than a legal issue to be addressed by the Veterans' Court."). Perhaps most damaging to the Secretary's position is that the Secretary neither acknowledged nor distinguished *Buchanan* in support of his view; he simply ignored it. The majority decision now attempts to do this on his behalf and apply its post hoc rationalization to the Secretary's filings before the Federal Circuit. This is not the role of the Court.

In sum, contrary to the majority, *Jandreau* did not break new ground. The Federal Circuit had already concluded in *Buchanan* that competent lay evidence can be sufficient in and of itself for proving the existence of a chronic disease, and *Jandreau* simply reiterated the point that lay evidence must be weighed by the fact finder to determine its competence. Because the Secretary ignored then-existing law before the Federal Circuit, I would not find the Secretary's position substantially justified and would award attorney fees to the appellant.