# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-11267; 05-3204(E)

Thomas P. Chotta, Appellant,

v.

Eric K. Shinseki,
Secretary of Veterans Affairs, Appellee.

On Appellant's Application for Attorney's Fees and Expenses

(Decided June 5, 2009)

*Mark R. Lippman*, of La Jolla, California, for the appellant.

*Tracy K. Aslup* with *Carolyn F. Washington*, Deputy Assistant General Counsel, *R. Randall Campbell*, Assistant General Counsel; and *Paul J. Hutter*, General Counsel, all of Washington, D.C., for the appellee.

Before GREENE, *Chief Judge*, and KASOLD and LANCE, *Judges*.

LANCE, *Judge*, filed the opinion of the Court. KASOLD, *Judge*, filed a dissenting opinion.

LANCE, *Judge*: Before the Court is the appellant, Thomas P. Chotta's, June 27, 2008, application for an award of $8,262 in attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary's sole argument in opposition to the application is that his position was substantially justified. For the reasons that follow, the appellant's EAJA application will be denied.

## I. BACKGROUND

In a July 25, 2007, single-judge memorandum decision, the Court affirmed an October 7, 2005, Board of Veterans' Appeals (Board) decision denying the appellant an initial disability rating higher than 50% prior to January 20, 1999, for his VA service-connected post-traumatic stress

disorder (PTSD). Subsequently, the appellant moved for reconsideration or, in the alternative, for panel consideration. Following oral argument, in a March 11, 2008, opinion, the Court granted the appellant's motion for panel consideration, withdrew its July 25, 2007, single-judge decision, and vacated and remanded the Board's October 7, 2005, decision. *Chotta v. Peake*, 22 Vet.App. 80 (2008).

In the underlying decision, the Court noted that "[t]he issue presently before the Court is the parameters of the duty to assist where the Secretary revises a previously final decision." *Id.* at 83. The appellant's principal argument on appeal was that, pursuant to this Court's decision in *Hines v. Principi*, 18 Vet.App. 227 (2004), the duty to assist was expanded "by requiring VA to develop medical evidence through a retrospective medical evaluation in situations where there is a lack of medical evidence for the time period being rated." *Chotta*, 22 Vet.App. at 83. Contrary to the appellant's assertions, however, the Court noted that it had "never directly addressed the parameters of the Secretary's duty to assist in determining the level of disability for purposes of awarding a rating after the Secretary has revised a decision denying service connection." *Id.* at 83-84. The instant case placed that issue squarely before the Court. *Id.* at 84 ("[U]nder the facts of this case, we now have reason to address the scope of the duty to assist in the context of assigning a disability rating where the Secretary has revised a previously final decision denying service connection.").

The Court acknowledged that, under 38 U.S.C. § 5103A, the Secretary must assist the claimant in gathering all relevant lay and medical evidence that currently exists. *Id*. Moreover, in determining whether the duty to assist has been satisfied, "the Board must assess whether the claim can be rated based on the available evidence." *Id*. In considering for the first time whether a retrospective medical examination may be required to fulfill the duty to assist, the Court held that "if a disability rating cannot be awarded based on the available evidence, the Board must determine if a medical opinion is necessary to make a decision on the claim," and that "may include obtaining a retrospective medical opinion." *Id.* at 85. The Court then determined that it "need not decide" in this case whether a retrospective medical opinion was required because that finding would necessarily include an assessment of the evidence and credibility of lay statements in the record, which is the Board's duty, not the Court's. *See Owens v. Brown*, 7 Vet.App. 429, 433 (1995). The Court did, however, explicitly note that "a retrospective medical opinion *may* be necessary and

2

helpful, especially because of the absence of medical records" associated with the appellant's claim during the 50-year gap between the filing of the appellant's claim and its eventual proper adjudication and award.[1] *Chotta*, 22 Vet.App. at 85. Ultimately, the Court held that a retrospective medical opinion may be necessary to fulfill the duty to assist and as such the Board decision on appeal had "failed to consider lay evidence of record regarding the appellant's observable PTSD symptoms." *Id.* at 86. The Court thus remanded the matter so the Board could "weigh and assess the probative value of the lay testimony *and reconsider its decision in light of this new opinion.*" *Id.* (emphasis added).

## II. LAW

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). The appellant's EAJA application was filed within the 30-day application period set forth in 28 U.S.C. § 2412(d)(1)(B) and satisfies the requirements that the application contain (1) a showing that the applicant is a prevailing party; (2) a showing that his net worth does not exceed $2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of attorney fees sought. 28 U.S.C. § 2412(d)(1)(A), (1)(B), and (2)(B); *Scarborough v. Nicholson*, 19 Vet.App. 253 (2005); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). There is no dispute in the instant case that the appellant is a prevailing party. Rather, the issue before the Court is whether the Secretary's position was substantially justified.

The appellant contends that the Secretary's position was not substantially justified because "VA failed to provide an adequate statement of the reasons and bases for denying a medical examination under its duty to assist." Appellant's Application for Attorney Fees and Expenses at 3. Once an EAJA applicant asserts that the Secretary's position was not substantially justified, the burden shifts to the Secretary to show that the government's position was substantially justified at both the administrative and litigation stages of the matter. *See Locher v. Brown*, 9 Vet.App. 535,

---

[1] In November 1947, a VA regional office denied the appellant's claim for psychoneurosis after finding that the condition was not treated, incurred, or aggravated by his military service. *Chotta*, 22 Vet.App. at 81. He sought reopening in April 1997, which ultimately led to a stipulated agreement that the Secretary would grant him service connection for PTSD, effective September 27, 1947. *Id.* at 81-82. The record on appeal contained no medical records relating to the appellant's PTSD condition between 1948 and 1997. *Id.* at 81.

537 (1996). The Secretary's position will be deemed substantially justified "'if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994) (quoting *Pierce v. Underwood*, 487 U.S. 522, 566 n.2 (1988)). For the Secretary to show his position was substantially justified, he must

> demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

*Id.* Furthermore, the evolution of VA benefits law often resulting in "new, different, or more stringent requirements for adjudication," and the fact that some cases before the Court involve issues of first impression that, while involving good faith arguments on behalf of the government, may nonetheless be rejected by the Court, are also "special circumstances" that may bear upon the reasonableness of the position of the Secretary. *Id.* at 303.

"Arguments presented in a case of first impression are more likely to be considered substantially justified than those where the Court determines that the Secretary ignored existing caselaw." *Jandreau v. Shinseki*, 23 Vet.App. 12, 14 ( 2009) (citing *Johnson v. Principi*, 17 Vet.App. 436, 442 (2004)). "In cases of first impression the Court must determine whether the issue presented 'close' questions, and whether the Secretary sought an unreasonable interpretation or resolution of the matter." *Gordon v. Peake*, 22 Vet.App. 265, 269 (2008) (citing *Felton v. Brown*, 7 Vet.App. 276, 282 (1994)); *see also Marcus v. Shalala*, 17 F.3d 1033, 1038 (7th Cir. 1994) (finding that Government's contention that questions involved were "close" was controverted by U.S. Supreme Court's statements that Government policies were "manifestly contrary to statute" and "made little sense" and by "strong disapproval" of relevant regulations by several circuits of U.S. courts of appeals))). A lack of judicial precedent adverse to the government's position, however, does not preclude an award under the EAJA. *Felton*, 7 Vet.App. at 281; *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir. 1988)).

## III.  ANALYSIS

As noted above, the issue in this EAJA application is whether the Secretary has met his burden of demonstrating that the government's position was substantially justified at both the administrative and litigation phases.  The Secretary's primary contention on appeal is that the Board was substantially justified in not requiring a retrospective medical opinion and that he was similarly justified in arguing on appeal to the Court that there was no duty to obtain such an opinion "[s]ince[] there was no controlling precedent to guide the government's decisions."  Response at 7.  The Court agrees.

As to the administrative phase, in the underlying decision on appeal, although the Board found that VA satisfied its duty to assist, it did not address the question of whether a retrospective medical evaluation was warranted to properly rate the appellant's service-connected PTSD.  At oral argument, counsel for the appellant conceded that, although the appellant was represented by counsel before the Board (*see* R. at 1), the issue of whether a retrospective medical evaluation was warranted was not argued before the Board.  Furthermore, at the time of the Board's decision, there was no statute, regulation, or precedent from this Court requiring–or addressing–the Secretary's duty to obtain a retrospective medical evaluation in cases where he has revised a previously denied claim. *See Chotta*, 22 Vet.App. at 84.  Indeed, the Court explicitly rejected the appellant's argument that *Hines* addressed and resolved that issue.  *Id.* at 83-84.  The Court holds that, in light of the law then extant, the Board's failure to provide the appellant with reasons or bases regarding whether he was entitled to a retrospective medical evaluation was reasonable.  *Stillwell*, 6 Vet.App. at 302.

The Court also holds that the Secretary's litigation position was substantially justified.  In his opening brief, relying on *Hines*, the appellant argued that "once service connection has been granted, the VA is then obligated to obtain appropriate medical opinions and other evidence to address the issue of the level of disability from the period of the challenged rating decision and subsequently." Appellant's Brief (Br.) at 9.  Acknowledging the parties' stipulated agreement that the appellant was to be granted an earlier effective date for his service-connected PTSD, he argued that "VA failed to obtain appropriate *medical evidence* to determine the correct level of disability. . . ." *Id.* (emphasis added).  The Secretary, in response, argued that the appellant failed to adequately allege a violation of the duty to assist under either 38 U.S.C. § 5103A or 38 C.F.R. § 3.159(c).  Secretary's Br. at 7.

5

Characterizing the appellant's argument as suggesting that "VA ha[d] some extra duty to obtain medical evidence," he contended that the appellant failed to specifically plead an error on the part of the agency. *Id.* At oral argument, he averred that there is no regulation or other law that requires a retrospective medical opinion.

In the Court's view, the Secretary was substantially justified in arguing that his duty to assist did not encompass a retrospective medical evaluation. Prior to the Court's decision in this case, there was simply no statute, regulation, or caselaw that established that the Secretary's duty to assist in determining the appropriate level of disability for the purposes of awarding a rating after he has revised a decision denying service connection potentially encompassed a retrospective medical evaluation. *See Bowey v. West*, 218 F.3d 1373, 1376-77 (Fed. Cir. 2000) (holding that substantial justification shall be determined on basis of law in existence at time that government adopted its position). Thus, the issue presented before the Court was one of first impression. *Jandreau*, 23 Vet.App. at 14; *Felton*, 7 Vet.App. at 282. While the Court resolved the issue in favor of the position advocated by the appellant, that is not dispositive. *Ramcor Services Group Inc. v. United States*, 185 F.3d 1286, 1290 (Fed. Cir. 1999) (holding that government's position was substantially justified even though it did not prevail); *Felton*, 7 Vet.App. at 280 (noting "'government's failure to prevail does not raise a presumption that its position was not substantially justified.'" (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Rather, the focus of the Court's inquiry is whether the Secretary's position was reasonable in the absence of clearly established precedent. *See Jandreau*, 23 Vet.App. at 18 (holding that the Secretary's litigation position before the U.S. Court of Appeals for the Federal Circuit was not contrary to established law at the time and that "[a]t the very least, reasonable minds could differ" as to his position). Here, the Court is compelled to hold that, in the absence of established law in the form of a statutory or regulatory requirement or guidance from the Court, the Secretary's argument that he did not have a duty to provide the appellant with a retrospective medical evaluation was reasonable. *Stillwell*, 6 Vet.App. at 302.

The Court acknowledges that it remanded this matter to the Board for reconsideration of the lay evidence of record. That remand, however, was clearly conditioned upon the announcement and application of the new law expressed in the underlying opinion. *See Chotta*, 22 Vet.App. at 86 ("[T]he Court remands this matter so the Board can weigh and assess the probative value of the lay

6

evidence *and reconsider its decision in light of this new opinion.*" (emphasis added)).  Accordingly, the Court holds that the Secretary has carried his burden of establishing that his position, at both the administrative and litigation phases, was reasonable and therefore substantially justified.  *See Stillwell*, 6 Vet.App. at 303; *see also Carpenter v. West*, 12 Vet.App. 316, 321 (1999) ("'EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong.'") (quoting *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993)).

## IV.  CONCLUSION

Upon consideration of the parties' pleadings, and for the foregoing reasons, the appellant's EAJA application is DENIED.

KASOLD, J., *dissenting*: With due respect to my colleagues, I believe that they mistake the reason the underlying merits case was sent to panel with the reason the Board's decision ultimately was vacated and remanded.  Succinctly stated, the merits case was sent to panel, inter alia, to address the parties' argument over whether a retroactive medical examination was warranted under 38 U.S.C. § 5103A.  The panel determined that it might be warranted, but remanded the matter because the Board failed to address the credibility of the lay testimony that might substantiate a higher rating (and that might then warrant a retroactive medical examination).  *Chotta v. Peake*, 22 Vet.App. 80, 84 (2008) ("the Board should assess and weigh the credibility of such [lay] statements contained in the record"), 85 ("Rather, the Board should assess all the evidence and determine if a staged rating is appropriate."),  ("the Board is reminded that a medical opinion may *not* be needed to validate lay testimony of observable symptoms" (emphasis added)), 86 ("Accordingly, the Court remands this matter so the Board can weigh and assess the probative value of the lay testimony and reconsider its decision in light of this new opinion.").

Also succinctly stated, failure of the Board to weigh lay testimony has been deemed error since the Court was established, *id*. at 84 (citing "*Dalton v. Nicholson*, 21 Vet.App. 23, 38 (2007) ("'The [Board] has the duty to assess the credibility and weight to be given to the evidence.'" (quoting *Wood v. Derwinski*, 1 Vet.App. 190, 193 (1991)))," 86 (citing "*Schafrath v. Derwinski*, 1 Vet.App.

7

589, 593 (1991) (Board decision vacated where it contained no analysis of credibility or probative value of lay testimony, nor a statement of reasons or bases for implicit rejection of that evidence."), and such error simply is not substantially justified, *see*, *e.g.*, *ZP v. Brown*, 8 Vet.App. 303, 304 (1995) (per curiam order) (Board not substantially justified in failing to comply with applicable and established Court precedent).

Perhaps the EAJA application does not warrant approval in full, but it certainly does not warrant denial based on substantial justification on the part of the Secretary. Accordingly, I respectfully dissent.