LANCE, Judge,
dissenting:
With due respect to my colleagues, I must dissent, as I would hold that the Secretary’s position was substantially justified, thereby precluding an EAJA award.
As the majority acknowledges, ante at 326, the Federal Circuit has “repeatedly made clear that the substantial justification inquiry requires an analysis of the ‘totality of the circumstances’ surrounding the government’s adoption of a particular position.” Patrick v. Shinseki, 668 F.3d 1325, 1332 (Fed.Cir.2011); see Stillwell v. Brown, 6 Vet.App. 291, 302 (1994) (“VA must demonstrate the reasonableness, in law and fact, ... based upon the totality of the circumstances.”). In its opinion, the majority adopts the Stillwell factors as a kind of balancing test, finding — based on a factor-by-factor analysis — that the Secretary, in this case, was not substantially justified. Although I do not disagree that Stillwell is instructive as to the kinds of issues that the Court can and should consider, I believe the majority overstates its importance. See ante at 326-27 (“Although ‘[t]he totality of the circumstances, by its very description, does not exclude any valid issue from consideration,’ this Court in Stillwell outlined many of the essential factors ” (emphasis added) (quoting White v. Nicholson, 412 F.3d 1314, 1317 (Fed.Cir.2005))).
Rather than create a quasi-balancing test, as the majority does, I would instead adopt a simpler test derived from the U.S. Supreme Court’s opinion in Pierce v. Underwood: “[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.” 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (emphasis added). Under this formulation, the Court need only inquire whether the government has “demonstrate[d] that it adopted a reasonable, albeit incorrect, interpretation of a particular statute or regulation.” Patrick, 668 F.3d at 1330. In other words, the Court ultimately must “ ‘look at the entirety of the government’s conduct,’ including the agency actions that gave rise to the litigation, ‘and make a judgment call whether the government’s overall position had a reasonable basis in both law and fact.’ ” Id. at 1333 (quoting Chiu v. United States, 948 F.2d 711, 715 (Fed.Cir.1991)).
For the reasons stated in my dissent on the merits of this case, I think that the government’s position was correct. Notwithstanding, I would hold that, based on the totality of the circumstances, the government’s overall position on this issue of first impression had a reasonable basis in both law and fact and, therefore, that the Secretary’s position was substantially justified.[3] Pierce, 487 U.S. at 566 n. 2, 108 S.Ct. 2541; see Patrick, 668 F.3d at 1330; Chotta v. Shinseki, 23 Vet.App. at 77 (noting that Court resolution of an issue in favor of the position advocated by an appellant is not dispositive on the issue of substantial justification); Jandreau v. Shinseki, 23 Vet.App. 12, 14 (2009) (“Arguments presented in a case of first impression are more likely to be considered sub *333 stantially justified than those where the Court determines that the Secretary ignored existing caselaw.” (citing Johnson v. Principi, 17 Vet.App. 436, 442 (2004))). Thus, I must respectfully dissent.
Finally, I note generally that I am troubled by the Secretary’s failure to argue substantial justification in response to the vast majority of applications for attorney fees and expenses filed pursuant to the EAJA before this Court. As Chief Justice Roberts recently noted, there is a perception that “[i]n litigating with veterans, the government more often than not takes a position that is substantially unjustified[.]” Transcript of Oral Argument at 52, Astrue v. Ratliff, 560 U.S. 586, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010). I find instructive the Court’s observation in Stillwell that, although “‘EAJA redresses governmental abuse, it was never intended to chill the government’s right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong.’ ” 6 Vet.App. at 303 (quoting Roanoke River Basin Ass’n v. Hudson, 991 F.2d 132, 139 (4th Cir.1993)). In the future, the Secretary would be well served to consider the consequences, both to VA’s reputation and to the taxpayer, of conceding that he is substantial unjustified when that may not actually be the case.

. I note that, while the burden is on the government to demonstrate substantial justification both at the administrative and litigation stages, see Chotta v. Shinseki, 23 Vet.App. 73, 76 (2009), the appellant argues only that VA has not proven that its administrative position was substantially justified. See Appellant's Reply to the Secretary's Response to Appellant's EAJA Application at 1-11.